RADER, Circuit Judge.
 

 Crisanto' V. Soria seeks review of the December 31, 1996, decision of the United States Court of Veterans Appeals, Docket No. 95-1019, determining that Mr. Soria had no qualifying service for purposes of claiming veterans’ benefits. This court affirms.
 

 BACKGROUND
 

 In November 1990, Mr. Soria filed a claim with the Department of Veterans Affairs (VA) seeking veterans’ benefits based on his three years of service with the Philippine Commonwealth Army. VA regulations allow Philippine veterans to claim such benefits, but only if their service is documented or verified by the Armed Forces of the United States.
 
 See
 
 38 C.F.R. §§ 3.9, 3.203(a), (c).
 

 After a United States Department of the Army investigation revealed no record of qualifying service for Mr. Soria, the VA denied his claim. Mr. Soria submitted further documentation, including a certification by the Republic of Philippines Department of National Defense that he had served in the Philippine Army from May 1945 to February 1948. The United States Army, however, still refused to certify Mr. Soria’s service. Accordingly, the VA again denied Mr. Soria’s claim. Mr. Soria filed a notice of disagreement with that decision. On July 31, 1995, the Board of Veterans’ Appeals upheld the VA’s decision, finding that applicable regulations required Mr. Soria to prove his Philippine service with certification from a United States service department. Mr. Soria did not meet that requirement.
 

 On December 31,1996, the Court of Veterans Appeals affirmed the Board’s decision. By this appeal, Mr. Soria seeks review of the Court of Veterans Appeals’ decision.
 

 DISCUSSION
 

 Title 38 of the United States Code authorizes the Secretary of Veterans Affairs (Secretary) to prescribe the nature of proof necessary to establish entitlement to veterans’ benefits.
 
 See
 
 38 U.S.C. § 501(a)(1). Under that authority, the Secretary has promulgated,
 
 inter alia,
 
 38 C.F.R. §§ 3.9 and 3.203(a), (e) to govern the conditions under which the VA may extend veterans’ benefits based on service in the Philippine Commonwealth Army. Those regulations require that an applicant prove his service in the Philippine Commonwealth Army with either official documentation issued by a United States service department or verification of the claimed service by such a department.
 
 See
 
 38 C.F.R. § 3.9(a) (authorizing veterans’ status for Philippine veterans “from the date certified by the Armed Forces [of the United
 
 *749
 
 States]”), § 3.203(a) (requiring service department documentation of service where available), § 3.203(c) (requiring service department verification of service where documentation is not available).
 

 Mr. Soria argues that
 
 Almero v. INS,
 
 18 F.3d 757 (9th Cir.1994), requires the VA to accept the Philippines Department of National Defense’s certification of his veteran status as proof of his service. In
 
 Almero,
 
 the Ninth Circuit held that section 405 of the Immigration Act of 1990, codified at 8 U.S.C. § 1440, which pertains exclusively to immigration and naturalization, does not limit certification to documents generated by the Unites States Department of the Army, but rather allows consideration of Philippines-generated documentation to establish service in the Philippine Army.
 
 Almero,
 
 18 F.3d at 763. The Immigration Act, in other words, allows Philippine veterans to rely on Philippine-generated documentation to prove veterans’ status directly, without necessarily requiring certification by a United States service department.
 

 The Court of Veterans Appeals correctly determined that qualifying service in the Philippine Army under the Immigration Act is not at issue. Indeed, section 405(c) of that law specifically provides that “[t]he enactment of this section shall not be construed as affecting the rights, privileges, or benefits of a person described in subsection (a)(1) under any provision of law (other than the Immigration and Nationality Act) by reason of the service of such person or the service of any other person under the command of the United States Armed Forces.” Pub.L. No. 101-649, 104 Stat. 4978, 5039-40 (1990). Instead, the relevant issue in this case is qualifying service under Title 38 of the United States Code and the regulations promulgated pursuant thereto.
 
 See Fazon v. Brown,
 
 9 Vet.App. 319, 322 (1996) (distinguishing between veterans status for purposes of naturalization purposes and for purposes of veterans benefits), aff'd, 113 F.3d 1255, 1997 WL 177511 (Fed.Cir. April 10, 1997) (Table). As stated above, under 38 C.F.R. §§ 3.9 and 3.203, Philippine veterans are not eligible for veterans’ benefits unless a United States service department documents or certifies their service.
 

 Where service department certification is required,
 
 see
 
 38 C.F.R. § 3.203(c), the VA has long treated the service department’s decision on such matters as conclusive and binding on the VA.
 
 See Duro v. Derwinski,
 
 2 Vet.App. 530, 532 (1992). Thus, if the United States service department refuses to verify the applicant’s claimed service, the applicant’s only recourse lies within the relevant service department, not the VA. This court sees no error in that treatment. Because the United States Department of the Army refused to certify Mr. Soria’s alleged service in the Philippine Army, the VA properly refused to consider his claim for veterans’ benefits based on that service.
 

 CONCLUSION
 

 This court finds no error in the decision of the Court of Veterans Appeals and, accordingly, affirms.
 

 COSTS
 

 Each side shall bear its own costs.
 

 AFFIRMED.