**Fortunato C. RIVERA, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 03–7007.

United States Court of Appeals, Federal Circuit.

DECIDED: April 10, 2003.

Before RADER, Circuit Judge, PLAGER, Senior Circuit Judge, and GAJARSA, Circuit Judge.

DECISION

PER CURIAM.

Fortunato C. Rivera ("Rivera") seeks review of a final decision of the Court of Appeals for Veterans Claims ("Veterans Court") affirming a decision of the Board of Veterans Appeals ("Board") that denied Rivera's claim for a non-service connected disability pension. *Rivera v. Principi*, No. 01–806, 2002 WL 1767358 (Vet.App. July 17, 2002). We *affirm* the decision of the Court of Appeals for Veterans Claims.

## BACKGROUND

Rivera is an American citizen of Filipino origin and was a resident of the Philippines until his immigration to the United States in 1972. He fought in World War II with the U.S. Army in the Philippines. His Official Statement of Military Service from the U.S. Army Reserve Personnel Center ("USARPERCEN") certifies that he:

> served as a member of the Philippine Commonwealth Army, including the recognized guerillas, in the service of the Armed forces of the United States, from 10 May 1942 to 20 November 1945, the date honorably discharged. Service was pursuant to the Call of the President of the United States dated 26 July 1941.

In December 1994, Rivera filed a claim for pension benefits which was denied by the Regional Office ("RO") in January 1995. The RO based the denial on the certification from USARPERCEN, which named him as a former recognized guerilla member, but not a member of the Army of the United States ("AUS"). Rivera submitted a second claim for benefits in August 1998, which also was denied in January 1999. Again the RO's denial was based on the same certification from USAPERCEN. In April 1999, Rivera requested that the RO assist him in correcting what he perceived to be an error in his service status.

Rivera's basic contention regarding the error in his service status is that he had been improperly denied status as a member of the AUS. He contends that he was inducted into the 14th Infantry Regiment, United States Armed Forces in the Philippines, North Luzon ("USAFIP–NL"), pursuant to the Military Order of General MacArthur dated July 12, 1942. Rivera's name does not, however, appear on the official roster of individuals determined to have AUS status as a result of service with USAFIP–NL. It was this error that Rivera requested that the RO aid in correcting. The RO advised Rivera that the Department of Veterans Affairs ("VA") had no authority to determine or correct Rivera's AUS status, and that his only remedy was to seek correction of his military record through the Army Board of Correction. The RO noted that if Rivera's status actually was corrected, the VA would reconsider his entitlement to pension benefits.

Rivera submitted his Application for Correction of Military Record to USARPERCEN in December of 1999. Along with his application, Rivera submitted evidence that he argued demonstrated why his records should be corrected. Additionally, he cited to *Guerrero v. Stone,* 970 F.2d 626 (9th Cir.1992), which required the Secretary of the Army to correct the AUS status of a former USAFIP–NL member. Apparently, Rivera has not yet received a response from USARPERCEN regarding his corrected status.

Prior to submitting his Application for Correction, Rivera appealed the RO's decision to the Board. The Board denied the claim on February 21, 2001, finding Rivera's military service did not meet the threshold eligibility requirements for pension benefits. The Board noted that Rivera was not certified by the Department of the Army as member of the AUS. Rivera appealed that decision to the Veterans Court, arguing additionally that the Board failed to comply with the Veterans Claims Assistance Act of 2000 ("VCAA"), Pub. L. 106–475, 114 Stat. 2096. The Veterans Court affirmed the decision of the Board and found the arguments that the Board failed to comply with the VCAA to be unpersuasive. Rivera timely appealed and we have jurisdiction pursuant to 38 U.S.C. § 7292(d)(2).

## DISCUSSION

This court shall hold unlawful and set aside any regulation or interpretation thereof (other than a determination as to a factual matter) that was relied upon in the decision of the Veterans Court that this court finds to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right; in excess of statutory jurisdiction or in violation of a statutory right; or without observance of procedure required by law. *See* 38 U.S.C. § 7292(d)(1) (2000).

Chapter 15 of Title 38 of the United States Code notes that a veteran is entitled to pension benefits "if such veteran served in the active military, naval, or air service...." 38 U.S.C. § 1521(j) (2000). "The term 'veteran' means a person who served in the active military, naval, or air service, and who was discharged or released therefrom under conditions other than dishonorable." 38 U.S.C. § 101(2) (2000). "For the purpose of establishing entitlement to pension, ... the Department of Veterans Affairs may accept evidence of service ... if ... [t]he evidence is a document issued by the service department." 38 C.F.R. § 3.203(a) (2002). The service department's decision on matters of service is conclusive and binding on the VA. *Soria v. Brown,* 118 F.3d 747, 749 (Fed.Cir.1997).

Rivera's Official Statement of Military Service certifies that he served as a member of the Philippine Commonwealth Army, including the recognized guerrillas. His name does not, however, appear on the roster of individuals determined to have acquired AUS status. The Veterans Court properly noted that this certification is binding, *see id.,* and subsequently denied pension benefits to Rivera. The analysis, however, need not have gone that far.

Rivera is barred from receiving pension benefits by both statute and regulation:

Service before July 1, 1946, in the organized military forces of the Government of the Commonwealth of the Philippines, while such forces were in the service of the Armed Forces of the United States pursuant to the military order of the President dated July 26, 1941, including among such military forces organized guerrilla forces ... *shall not be deemed to have been active military, naval, or air service for the purposes of any law of the United States conferring rights, privileges, or benefits* upon any person by reason of the service of such person or the service of any other person in the Armed Forces, except benefits under—

\* \* \* \* \* \*

chapters 11, 13 (except section 1312(a)), 23, and 24 (to the extent provided for in section 2402(8)) of this title.

38 U.S.C. § 107(a) (2000) (emphasis added).

Commonwealth Army of the Philippines. Service is included, for *compensation, dependency and indemnity compensation, and burial allowance,* from and after the dates and hours, respectively, when they were called into service of the Armed Forces of the United States by orders issued from time to time by the General Officer, U.S. Army, pursuant to the Military Order of the President of the United States dated July 26, 1941. Service as a guerrilla under the circumstances ... is also included.

38 C.F.R. § 3.40(c) (2002) (emphasis added)

Rivera is seeking pension benefits under 38 U.S.C. § 1521(j). He is not entitled to these benefits. The controlling statute indicates that service in the Commonwealth Army of the Philippines, even while in the service of the U.S. Armed Forces, does not

qualify as "active service" for the purpose of acquiring any benefits. *See* 38 U.S.C. § 107(a). Similarly, the controlling regulation indicates the benefits to which Rivera is entitled to as a member of the Commonwealth Army of the Philippines are limited to "compensation, dependency and indemnity compensation, and burial allowance." 38 C.F.R. § 3.40(c). Pension benefits under Title 38, Chapter 15, are not allowed.

Rivera's citation to *Guerrero* is noted, but his reliance upon it is misplaced. This court will not attempt to square the facts of *Guerrero* with those of this case. As a threshold matter, in *Guerrero,* our sister circuit ordered the Department of the Army to change the certification of a former member of the Philippine Army to that of a member of the AUS. It did not, however, order any governmental agency to award benefits to a person who was otherwise not entitled to those benefits. In the face of the applicable statute and regulation, a decision on this court's part to grant pension benefits to Rivera would improperly do just that.

The RO noted that were Rivera able to have his certification changed, the VA would reconsider his entitlement. Thus, for Rivera to be considered for pension benefits, he must obtain a change in his certification from the service department. In this case, the VA is powerless to change this certification. *See Soria,* 118 F.3d at 749 ("[I]f the United States service department refuses to verify the applicant's claimed service, the applicant's only recourse lies within the relevant service department, not the VA."). Whether a change in Rivera's status would remove him from the purview of 38 U.S.C. § 107(a) and 38 C.F.R. § 3.40(c) is an issue not before this court, and we will not speculate on its outcome.

Rivera does contend that the VA is, at a minimum, required to assist him in his effort to get a correction of his AUS status under the VCAA. "The [VA] shall make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant's claim for a benefit under a law administered by the [VA]." 38 U.S.C. § 5103A(a) (2000). In this case, the VA had the certification report when its decision was made. Although the VA's reliance on it was unnecessary in light of the statute and regulation above, Rivera's certification report described his military service in sufficient detail to allow the VA render a decision. No additional evidence was necessary.

Therefore, for the reasons stated above, we affirm the decision of the Court of Appeals for Veterans Claims.

### COSTS

No costs.