ORDER

MICHEL, Circuit Judge.
The Secretary of Veterans Affairs moves for summary affirmance of the May 7, 2003 decision of the Court of Appeals for Veterans Claims affirming the decision of the Board of Veterans’ Appeals denying Alfonso Y. Raguine’s request for veterans benefits. Alfonso Raguine has not responded.
Alfonso Raguine sought veterans benefits based on the service of his father, Cirilo D. Raguine, in the Philippines with the Western Luzon Guerrilla Forces, United States Armed Forces in the Far East from August 1942 to December 1945. The U.S. Army Reserve Personnel Center (ARPERCEN) concluded that Cirilo Ra-guine’s service was not recognized military service. The Board determined that 38 C.F.R. § 3.203(a) requires documentation from a United States service department of eligible service and that “VA was bound by the certification from ARPERCEN that the appellant’s father did not have” eligible service. Thus, the Board denied Alfonso Raguine’s request for benefits. The Court of Appeals for Veterans Claims upheld the Board’s decision.
Summary affirmance of a case is appropriate “when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists”. Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). Raguine argues that the term “service department” in 38 C.F.R. § 3.203(a) is ambiguous and that documents generated by the Philippines government constitute documentation from a “service department” under that regulation. However, as we stated in Soria, v. Brown, 118 F.3d 747, 749 (Fed.Cir.1997), “Phillipine veterans are not eligible for veterans’ benefits unless a United States service department documents or certifies their service.” Because ARPERCEN determined that Cirilo Ra-guine’s service was not recognized for purposes of receiving veterans’ benefits, Alfonso Raguine is not eligible for benefits. See Soria.
The Court of Appeals for Veterans Claims correctly affirmed the Board’s decision denying benefits to Alfonso Raguine based on Soria. We conclude that no substantial question regarding the outcome of this appeal exists; therefore, summary af-firmance is appropriate.
Accordingly,
IT IS ORDERED THAT:
*735 (1) The Secretary’s motion for summary affirmance is granted.
(2) Each side shall bear its own costs;