CLEVENGER, Circuit Judge.

ORDER

The Secretary of Veterans Affairs moves (1) to waive the requirements of Fed. Cir. R. 27(f), and (2) to dismiss Candido G. Peralta’s appeal from the decision of the Court of Appeals for Veterans Claims in Peralta v. Principi 02-704 (Vet.App. Aug. 18, 2003) or, in the alternative, to summarily affirm that court’s decision. Peralta has not responded.
Peralta filed a claim seeking veterans’ benefits based on service as a guerrilla from 1943 to 1945. Peralta filed an affidavit of service and a Philippine Army Certification. However, Peralta’s name did not appear on a roster of recognized guerrillas and the National Personnel Records Center advised the regional office that Peralta did not have recognized service as a member of the Philippine Commonwealth Army, including recognized guerrillas. The RO denied his claim and Board of Veterans’ Appeals denied his appeal. Peralta appealed to the Court of Appeals for Veterans Claims.
The Court of Appeals for Veterans Claims held that findings by a service department as to qualifying service for veterans benefits are binding on the Department of Veterans Affairs. See Soria v. Brown, 118 F.3d 747 (Fed.Cir.1997) (when the service department certification is required, the Department of Veterans Affairs may properly refuse a claim for benefits if the service department refuses to verify such service). The Court of Appeals for Veterans Claims affirmed the Board’s decision. Peralta appeals to this court.
Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). This court “may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2).
Peralta’s appeal does not satisfy any of the grounds for invoking this court’s jurisdiction. In his informal brief, Peralta concedes that the decision on appeal did not involve the validity or interpretation of a statute or regulation and that the Court of Appeals for Veterans Claims did not decide a constitutional issue. Peralta states that he seeks benefits because of his disabilities and that the Board denied his claim because the Board did not want him to enjoy such benefits. We have no jurisdiction to review such an issue.
Accordingly,
IT IS ORDERED THAT:
(1) The motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is granted.
(3) The Secretary’s alternative motion to summarily affirm is moot.
(4) Each side shall bear its own costs.