ON MOTION
PER CURIAM.

ORDER

The Secretary of Veterans Affairs moves to summarily affirm the United States Court of Appeals for Veterans Claims’ judgment in Browne v. Principi, 01-2036, affirming a Board of Veterans’ Appeals’ (BVA) decision denying Browne eligibility for a nonservice-connected pension. Arthur H. Browne opposes.
The service department certified that Browne served on active duty in the Army from January 13, 1948 to June 1, 1948. In 1999, Browne sought compensation for various disabilities that he asserted were not incurred while in service on the basis that a nonservice-connected pension may be awarded if the veteran “served in the active military, naval, or air service ... for ninety days or more during a period of war.[ ]” 38 U.S.C. § 1521(j). Pursuant to 38 U.S.C. § 101(8) and (9), periods of war *428 include December 7, 1941 to December 31, 1946.
Browne’s principal argument was that the “military training” he received while attending Waukesha Industrial School for Boys (WISB) between April 1944 and January 1948 qualified him for a nonserviceconnected pension. The BVA found that Browne’s service records indicating no wartime service were binding and that the time spent at WISB could not be considered active duty. Because Browne’s service in 1948 was not classified as wartime service, the BVA concluded, as a matter of law, that Browne did not have qualifying service for a nonservice-connected pension. The Court of Appeals for Veterans Claims affirmed. Browne appealed.
Browne argues in response to the Secretary’s motion that the Court of Appeals for Veterans Claims should have included his records from WISB as part of the “official service records” under 38 C.F.R. § 3.3(a)(ii) and that his “service” at WISB during a period of war qualified him for a nonservice-connected pension. He also makes several other broad assertions, including that he was denied “the constitutional rights to Freedom of speech and to due process of the law under the U.S. Constitution.” *
Summary affirmance of a case “is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.” Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994) (summarily affirming the Court of Federal Claims’ dismissal of a cpmplaint). Citing the applicable statutes concerning qualifying service for nonserviceconnected pensions and Duro v. Derwinski, 2 Vet.App. 530 (1992) for the proposition that service department findings are binding for purposes of establishing service, the Court of Appeals for Veterans Claims properly concluded that Browne’s claim “fails as a matter of law.” See Soria v. Brown, 118 F.3d 747, 749 (Fed.Cir.1997) (noting “the VA has long treated the service department’s decision on [an applicant’s verified service] as conclusive and binding,” and seeing “no error in that treatment”). Thus, because no substantial question exists regarding the outcome of Browne’s appeal, the court summarily affirms the judgment of the Court of Appeals for Veterans Claims.
Accordingly,
IT IS ORDERED THAT:
(1) The motion to summarily affirm the Court of Appeals for Veterans Claims’ judgment is granted.
(2) Each side shall bear its own costs.

 Browne refers to several motions including a motion for reconsideration that he alleges was not resolved. The Court of Appeals for Veterans Claims concluded that Browne failed to raise "any discernible arguments ... regarding these motions and thus the Court will not address those matters.” The Court of Appeals for Veterans Claims further noted that any arguments "regarding perceived process errors are without merit. Moreover, any purported procedural errors would be nonprejudicial in light of our holding that his claim fails as a matter of law.”