Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7038

ROMANA M. DACALDACAL,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Romana M. Dacaldacal, of Poblacion Canlaon City, Negros Oriental, Philippines, pro se.

Matthew H. Solomson, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Kirk T. Manhardt, Assistant Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Martie S. Adelman, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Robert N. Davis

Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7038

ROMANA M. DACALDACAL,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 04-1669, Judge Robert N. Davis.

_____

DECIDED:  June 12, 2008

_____

Before MICHEL, <u>Chief Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u>, and RADER, <u>Circuit Judge</u>.

PER CURIAM.

The United States Court of Appeals for Veterans Claims upheld the denial of Ms. Romana M. Dacaldacal's claim for veterans benefits.  Because Ms. Dacaldacal challenges only factual determinations that were before the Veterans Court or the court's application of law to the facts of her case, this appeal falls outside this court's jurisdiction. This court therefore <u>dismisses</u> her appeal.

I

Ms. Dacaldacal seeks benefits based on the death of her husband, Mr. Margarito P. Dacaldacal. Ms. Dacaldacal submits that her husband served in the 71st Division of the Philippine Commonwealth Army during World War II. According to documentation provided by the Philippines Armed Forces, Mr. Dacaldacal was proclaimed missing in action and is presumed dead.

In May 1951, based on a November 1947 request by the Manila, Philippines, Department of Veterans Affairs (VA) regional office (RO), the U.S. Department of the Army certified that Mr. Dacaldacal did not serve in any recognized guerrilla service or in the Philippine Commonwealth Army in the service of the Armed Forces of the United States. Without any recognized military service, the RO denied Ms. Dacaldacal's claim.

Ms. Dacaldacal renewed her claim for VA benefits in September 1985, submitting documentation from the Philippines Armed Forces indicating that Mr. Dacaldacal served with the 71st Division of the Philippines Army during World War II. The RO denied Ms. Dacaldacal's renewed claim in July 1990. The RO denied another claim in February 1991.

In November 1991, the RO requested that the Department of the Army reexamine its records to determine whether Mr. Dacaldacal had recognized service. The Department of the Army again certified that Mr. Dacaldacal did not serve in any recognized guerrilla service or in the Philippine Commonwealth Army in the service of the Armed Forces of the United States.

In 2000 and 2002, Ms. Dacaldacal filed requests to reopen her previously denied claims. The RO denied these requests, explaining that the documentation from the

Philippines Armed Forces was insufficient without a certification of recognized service from the U.S. Department of the Army. The appellant timely filed an appeal to the Board challenging the RO's refusal to reopen her claims.

Ms. Dacaldacal was subsequently provided notice of the information and evidence necessary to substantiate her claim for VA benefits in August 2003 under the Veterans Claims Assistance Act of 2000, 38 U.S.C. § 5103(a). In response to this notice, Ms. Dacaldacal acknowledged that she did not have additional information or evidence to support her claim.

Although the VA's notice was untimely—after, rather than before, the denial of Ms. Dacaldacal's requests to reopen her claims—the Board's June 21, 2004, decision found that the error was harmless, particularly in light of Ms. Dacaldacal concession that she could not provide additional evidence to substantiate her husband's military service. As such, the Board held that Ms. Dacaldacal was not eligible for VA benefits.

The Veterans Court affirmed the Board's factual determinations. In its decision, the court considered Ms. Dacaldacal's argument that the VA did not provide proper notice regarding the information and evidence necessary to substantiate her claim as required under 38 U.S.C. § 5103(a). Applying the notice requirement to the facts of this case, the court recognized that timing errors can be cured and held that Ms. Dacaldacal was not prejudiced by the VA's untimely notice.

Ms. Dacaldacal timely appealed to this court. On appeal, Ms. Dacaldacal requests reconsideration of Mr. Dacaldacal's service in the 71st Division of the Philippines Army during World War for purposes of eligibility for VA benefits.

This court has limited jurisdiction to review the decisions of the Veterans Court. 38 U.S.C. §7292. As proscribed by 38 U.S.C. § 7292(d)(2), except for constitutional issues, the Court of Appeals "may not review any challenge to a factual determination or any challenge to a law or regulation as applied to the facts of a particular case." Buchannan v. Nicholson, 451 F.3d 1331, 1334 (Fed. Cir. 2006). This court has also held that the VA does not err by accepting as conclusive and binding the decision of a service department to certify, or not to certify, that a Philippine veteran had service eligible for VA benefits. Soria v. Brown, 118 F.3d 747, 749 (Fed. Cir. 1997).

This case is indistinguishable from Soria. Thus, the Veterans Court did not err by affirming the VA's denial of benefits due to the Army's decision not to certify Mr. Dacaldacal's service, and this court lacks jurisdiction to review the Army's decision. Further, this court does not have jurisdiction to find that the evidence establishes eligible service, or to review the Veterans Court's application of law to fact in its decision that the lack of Army certification here is fatal to Ms. Dacaldacal's claim.

For these reasons, this appeal is dismissed for lack of jurisdiction.

DISMISSED

COSTS

Each party shall bear its own costs.