SCHALL, Circuit Judge,
concurring.
The court holds that the Department of Veterans Affairs (“VA”) failed to comply with the duty to assist because it did not furnish the Department of the Army with the material provided by Mrs. Capellán in support of her claim and did not request from the service department, pursuant to 38 C.F.R. § 3.203(c), verification of the military service of her husband, Santiago Capellán. Based upon its holding, the court remands the case to the Court of Appeals for Veterans Claims (“Veterans Court”) for further proceedings. In that regard, the final paragraph of the opinion reads as follows:
38 C.F.R. § 3.203 requires that Mr. Capellan’s military service be determined based on all relevant evidence, with due application of the duty to assist, 38 U.S.C. § 5103A; 38 C.F.R. § 3.159, and the statutory and regulatory requirements to consider “all information and lay ... evidence of record,” 38 U.S.C. § 5107(b); see also 38 C.F.R. 3.102. The VA erred in denying Mrs. Capellan’s claim based on the archival 1950 Army Report, while obtaining no review of the subsequent evidence by the service department. We vacate the decision of the Veterans Court, and remand for determination, on the entirety of the evidence, of Mr. Capellan’s military service.
I agree that the VA failed to comply with the duty to assist. I also agree that a remand is necessary. I write separately, however, to express my view that the only appropriate remand in this case is a remand in which the Veterans Court directs the VA to request verification, pursuant to 38 C.F.R. § 3.203(c), of Santiago Capel-lan’s military service and in which the Veterans Court directs the VA to provide the service department with all the material submitted by Mrs. Capellán in support *1383 of her claim. Any other remand activity by the Veterans Court beyond this would, in my view, be contrary to this court’s decision in Soria v. Brown, 118 F.3d 747 (Fed.Cir.1997). After the service department acts on the request for verification, the VA will be in a position to rule on Mrs. Capellan’s claim,