Citation Nr: 1313638 
Decision Date: 04/24/13 Archive Date: 05/03/13

DOCKET NO. 11-00 215A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Manila, the Republic of the Philippines


THE ISSUE

Whether the appellant has legal entitlement to a one-time payment from the Filipino Veterans Equity Compensation (FVEC) fund. 


ATTORNEY FOR THE BOARD

S. D. Regan, Counsel


INTRODUCTION

Pursuant to 38 C.F.R. § 20.900(c) (2012), the appeal has been advanced on the Board's docket. 

This matter is before the Board of Veterans' Appeals (Board) on appeal of a decision in August 2009 of a Department of Veterans Affairs (VA) Regional Office (RO) that determined that the appellant had no legal entitlement to a one-time payment from the FVEC fund. 


FINDING OF FACT

The National Personnel Records Center (NPRC) has certified that the appellant had no service as a member of the Philippine Commonwealth Army, including the recognized guerrillas, in the service of the United States Armed Forces. 


CONCLUSION OF LAW

The criteria for eligibility to a one-time payment from the Filipino Veterans Equity Compensation fund have not been met. 38 U.S.C.A. § 501(a) (West 2002 & West Supp. 2009); American Recovery and Reinvestment Act § 1002, Pub. L. No. 111-5 (enacted February 17, 2009); 38 C.F.R. § 3.203 (2012). 


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duty to Notify and Assist

The Board has considered whether the Veterans Claims Assistance Act (VCAA), 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002), is applicable to this claim. Because the claim at issue is limited to statutory interpretation, the notice provisions do not apply in this case. Dela Cruz v. Principi, 15 Vet. App. 143 (2001); VAOPGCPREC 5-2004 (June 2004), 69 Fed. Reg. 59989 (2004). 
Accordingly, there is no prejudice toward the appellant in proceeding with the adjudication of her claim and no further need to discuss VCAA duties. 

Analysis

The American Recovery and Reinvestment Act authorized a one-time benefit for certain Philippine veterans to be paid from the "Filipino Veterans Equity Compensation Fund." American Recovery and Reinvestment Act § 1002, Pub. L. No. 111-5 (enacted February 17, 2009). 

For eligible persons who accept a payment from the Filipino Veterans Equity Compensation Fund, such payment "shall constitute a complete release of any claim against the United States by reason of [such] service ...." However, nothing in this act "prohibit[s] a person from receiving any benefit (including health care, survivor, or burial benefits) which the person would have been eligible to receive based on laws in effect as of the day before the date of the enactment of this Act."

Section 1002 addresses Payments to Eligible Persons Who Served in the United States Armed Forces in the Far East during World War II. Section 1002 (c)(1) provides that the Secretary may make a payment from the compensation fund to an eligible person who, during the one-year period beginning on the date of the enactment of this Act, submits to the Secretary a claim for benefits under this section. The application for the claim shall contain such information and evidence as the Secretary may require. 

Section 1002 (d) provides that an eligible person is any person who--(1) served--(A) before July 1, 1946, in the organized military forces of the Government of the Commonwealth of the Philippines, while such forces were in the service of the Armed Forces of the United States pursuant to the military order of the President dated July 26, 1941, including among such military forces organized guerrilla forces under commanders appointed, designated, or subsequently recognized by the Commander in Chief, Southwest Pacific Area, or other competent authority in the Army of the United States; or (B) in the Philippine Scouts under section 14 of the Armed Forces Voluntary Recruitment Act of 1945 (59 Stat. 538); and (2) was discharged or released from service described in paragraph (1) under conditions other than dishonorable. 

In cases for VA benefits where the requisite veteran status is at issue, the relevant question is whether qualifying service is shown under Title 38 of the United States Code and the regulations promulgated pursuant thereto. See Soria v. Brown, 118 F.3d 747, 749 (Fed. Cir. 1997). Where service department certification is required, see 38 C.F.R. § 3.203(c), the service department's decision on such matters is conclusive and binding on the VA. Duro v. Derwinski, 2 Vet. App. 530, 532 (1992). Thus, if the United States service department refuses to verify the claimed service, the applicant's only recourse lies within the relevant service department, not with VA. Soria, 118 F. 3d at 749. In short, under 38 C.F.R. § 3.203, a claimant is not eligible for VA benefits based on Philippine service unless a United States service department documents or certifies their service. Soria, 118 F. 3d at 749. 

The appellant claims that she is entitled to a one-time payment from the FVEC fund. She essentially alleges that she had recognized guerilla service from October 1942 to November 1944. 

A March 1946 Affidavit for Philippine Army Personnel noted that the appellant reported that she had guerilla service with the Women's Auxiliary Service, A Company, 98th Infantry, 93rd Division, from February 1943 to May 1944. She reported that she was located in Salcedo, Samar, Philippines. She stated that she served as a "first aider" and that her duties involved taking care of sick solders and cooking food at times. The appellant reported that she was a sergeant. 

A July 1956 lay affidavit from S. A. and F. D., indicated that the appellant was inducted in the United States Armed Forces in the Philippines into a recognized guerilla organization at Salcedo, Samar, Philippines, as a sergeant in the Women's Auxiliary Service Corps in October 1942. It was noted that the appellant's unit was the 97th Infantry Regiment, 93rd Division, Samar Area Command. They reported that the appellant was assigned as one of the "first aiders" of their unit. They indicated that the appellant was one of the enlisted members of the Women's Auxiliary Service Corps that were disbanded temporarily in November 1944. 

A March 1997 lay affidavit from F. C., indicated that while he was in the South Samar Guerilla forces, he personally knew the appellant. He stated that the appellant was inducted in October 1942 as a sergeant and assigned to the Women's Auxiliary Service Corps, Salcedo Detachment, Salcedo, Samar, Philippines. He reported that the appellant rendered continuous guerilla service until November 1944. 

An April 1997 lay affidavit from J. Q., noted that the appellant was inducted in October 1942 as a sergeant of the South Samar Sector, Guerilla forces, Samar Area Command. He stated that the appellant served with the Women's Auxiliary Service Corps and that she had continuous guerilla service until she was separated in November 1944 due to demobilization. 

A July 1997 lay affidavit from E. A., related that she knew that the appellant served with the guerilla movement and that she was inducted in October 1942 as a sergeant in Salcedo, Samar, Philippines. E. A. reported that the appellant was assigned to the Women's Auxiliary Service Corps, Salcedo Detachment, in Salcedo, Samar, Philippines. She stated that the Veteran rendered continuous and active guerilla service until she was considered separated in November 1944. She further indicated that the appellant's guerilla service was not recognized because the appellant failed to report to the military control and processing team. 

In a July 1998 statement, the appellant reported that she joined the guerilla movement in October 1942 and that she was inducted as a sergeant with the 1st Batallion, 97th Infantry Regiment, 93rd Division, Sumar Area Command. She stated that she was assigned to the Women's Auxiliary Service Corps. The appellant reported that she actively served in the unit continuously until she was discharged in November 1944. 

A September 2008 certification from the Armed Forces of the Philippines, General Headquarters, Office of the Adjutant General, noted that the appellant served with A Company, 98th Infantry, 93rd Division. It was reported that the appellant joined in February 1943 and that she was released in May 1944. The appellant's military status was listed as a guerilla. 

In February 2009, the appellant filed her claim for legal entitlement to a one-time payment from the FVEC fund. She reported that she had recognized guerilla service from February 1943 to May 1944. She stated that she served with A Company, 98th Infantry, 93rd Division, with the Women's Auxiliary Service. The appellant listed the names of her mother and father, as well as the name of her spouse. She indicated that her date of birth was December [redacted], 1922, and that her place of birth was Salcedo, Samar, Philippines. She listed her current name as [redacted], and her name during service as [redacted]. 

In May 2009, the RO requested verification of the appellant's service from the National Personnel Records Center (NPRC). The RO reported that the appellant alleged that she had recognized guerilla service from February 1943 to May 1944, and that she served with A Company, 98th Infantry, 93rd Division, with the Women's Auxiliary Services. Her date of birth was listed as December [redacted], 1922, and her place of birth was listed as Salcedo, Samar, Philippines. The names of the appellant's mother and father, as well as her spouse, were all listed. The RO reported that the appellant served under the name of [redacted] and that an additional name that she may have served under was [redacted]. The RO indicated that the appellant's name was not listed in the Reconstructed Recognized Guerilla Roster maintained at the RO. 

In a July 2009 response to the May 2009 request for verification of the appellant's service, the NPRC reported that the appellant had no service as a member of the Philippine Commonwealth Army, including the recognized guerrillas, in the service of the United States Armed Forces. 

In June 2010, the RO requested verification of the appellant's service from the NPRC. The RO reported that the appellant alleged that she had recognized guerilla service from February 1943 to May 1944 with A Company, 98th Infantry, 93rd Division, with the Women's Auxiliary Services. Her date of birth was listed as December [redacted], 1922, and her place of birth was listed as Salcedo, Samar, Philippines. The names of the appellant's mother and father, as well as her spouse, were all listed. The RO reported that the appellant served under the names of [redacted] and/or [redacted], and that an additional name that she may have served under was [redacted]. The RO noted that the appellant's name was not listed in the Reconstructed Recognized Guerilla Roster maintained at the RO. 

In a September 2010 response to the June 2010 request for verification of the appellant's service, the NPRC reported that the appellant had no service as a member of the Philippine Commonwealth Army, including the recognized guerrillas, in the service of the United States Armed Forces. 

In September 2010, the RO again requested verification of the appellant's service from the NPRC. The RO reported that the appellant alleged that she had recognized guerilla service from February 1943 to May 1944, and that she served with A Company, 98th Infantry, 93rd Division, Women's Auxiliary Services. Her date of birth was listed as December [redacted], 1922, and her place of birth was listed as Salcedo, Samar, Philippines. The names of the appellant's mother and father, as well as her spouse, were all listed. The RO reported that the appellant served under the name of [redacted], and that additional names that she may have served under were [redacted], [redacted], and [redacted]. It was noted that the appellant's name was not listed in the Reconstructed Recognized Guerilla Roster maintained at the RO. 

In an October 2010 response to the September 2010 request for verification of the appellant's service, the NPRC again reported that the appellant had no service as a member of the Philippine Commonwealth Army, including the recognized guerrillas, in the service of the United States Armed Forces. 

An August 2011 statement from the Republic of the Philippines, Department of National Defense, Third Military Service Board, noted that the Military Service Board was created to review and reevaluate pending claim applications previously filed in former Military Service Boards by any person who claimed to have performed military service in the Philippines during the period beginning in December 1941 and ending in July 1946, and to determine the validity of the claims for the purpose of confirming the military service rendered and qualifying the applicants for military veterans status. It was reported that the Third Military Service Board approved the application for confirmation of the military service allegedly rendered by the appellant. 

An August 2011 statement from the Republic of the Philippines, Department of National Defense, Military Service Board, indicated that the appellant's application under the Military Service Board had been approved by the Board, conferring on her veteran status. 

A December 2011 statement from the Department of National Defense, Philippines Veterans Affairs Office, indicated that the appellant was provided with a pensioner's identification card. It was noted that the identification card could be used for veteran-related transactions. 

In September 2012, the RO requested verification of the appellant's service from the NPRC. The RO reported that the appellant alleged that she had recognized guerilla service from October 1942 to November 1944. The RO indicated that appellant reported that she served with A Company, 98th Infantry, 3rd Division; the Women's Auxiliary Services, Salcedo Guerilla Detachment, South Samar Sector, Samar Area Command; the United States Armed Forces in the Philippines; AFWESPAC; and the 1st Batallion, 97th Infantry Regiment, 93rd Division, Samar Area Command. Her date of birth was not listed and neither were the names of the appellant's mother and father, as well as her spouse. The RO reported that the appellant served under the name of [redacted], and that additional names that she may have served under were [redacted] and [redacted]. It was noted that the appellant's name was not listed in the Reconstructed Recognized Guerilla Roster maintained at the RO. 

In a November 2011 response to the September 2012 request for verification of the appellant's service, the NPRC reported that the appellant had no service as a member of the Philippine Commonwealth Army, including the recognized guerrillas, in the service of the United States Armed Forces. 

In November 2012 and December 2012, the RO sent follow-up requests to the NPRC with the same information listed in the September 2012 request for verification of the appellant's service (noted above). 

A January 2013 response to those requests from the NPRC indicated that no change was warranted in the prior negative service certifications. 

The appellant does not legally qualify for a one-time payment from the FVEC fund. The NPRC has specifically certified, on numerous occasions, that the appellant had no service as a member of the Philippine Commonwealth Army, including the recognized guerrillas, in the service of the United States Armed Forces. 

The March 1946 Affidavit for Philippine Army Personnel; the September 2008 certification from the Armed Forces of the Philippines, General Headquarters, Office of the Adjutant General; the August 2011 statement from the Republic of the Philippines, Department of National Defense, Third Military Service Board; the August 2011 statement from the Republic of the Philippines, Department of National Defense, Military Service Board, and the December 2011 statement from the Department of National Defense, Philippines Veterans Affairs Office, all submitted by the appellant, fail to satisfy the requirements of 38 C.F.R. § 3.203 as acceptable proof of service, as the certifications are not official documents of the appropriate United States service department, and are without the official seal. The documents, therefore, are not acceptable as verification of the appellant's service for the purpose of receiving VA benefits. Soria v. Brown, 118 F.3d 747 (Fed. Cir. 1997). 

Pursuant to both 38 C.F.R. § 3.203(c) and the VA Secretary's statutory duty to assist (as set forth in 38 U.S.C.A. § 5103A), new evidence submitted by a claimant in support of a request for verification of service from the service department must be submitted to the service department for review. Capellan v. Peake, 539 F.3d 1373, 1381-82 (Fed. Cir. 2008). However, the "new evidence" submitted by the appellant is duplicative of her contentions of service (i.e., recognized guerilla service) previously considered by the service department (NPRC). In multiple searches following additional information submitted by the appellant, the NPRC has specifically indicated the appellant did not have the necessary service in this matter. Additionally, in a January 2013 supplemental statement of the case, the RO specifically indicated that the September 2012, November 2012, and December 2012 requests to the NPRC (noted above) included all pertinent service information in the service records and all lay statements (to include from S. A and F. D., F. C., J. Q., and from E. A.), etc., submitted by the appellant in regard to her claim. 

The service department has determined that the appellant had no service as a member of the Philippine Commonwealth Army, including the recognized guerrillas, in the service of the United States Armed Forces. Where the service department records fail to show threshold eligibility, the claim lacks legal merit or legal entitlement, and must be denied as a matter of law. Sabonis v. Brown, 6 Vet. App. 426 (1994). 


ORDER

Entitlement to a one-time payment from the Filipino Veterans Equity Compensation (FVEC) fund is denied. 



____________________________________________
RONALD W. SCHOLZ
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs