NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EMMANUEL C. GO,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7009

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-1290, Judge Mary J. Schoelen.

---

Decided: July 9, 2013

---

ALAN J. GOULD, Law Offices Gould & Hahn, of Berkeley, California, argued for claimant-appellant.

MICHAEL P. GOODMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR,, Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel,

and BRIAN D. GRIFFIN, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before NEWMAN, O'MALLEY, and WALLACH, *Circuit Judges.*

PER CURIAM.

Claimant–Appellant Emmanuel C. Go ("Go") appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the denial of his claim for compensation under the Filipino Veterans Equity Compensation Fund ("FVECF"). The FVECF provides for a one-time payment to individuals with qualifying military service. American Recovery and Reinvestment Act of 2009, Pub. L. No. 111-5, § 1002, 123 Stat. 115, 200-02. On numerous occasions, the Department of Veterans Affairs ("VA") requested verification of service from the National Personnel Records Center ("NPRC") and the U.S. Army Reserve Personnel Center ("ARPERCEN") because Go did not have the documentation necessary to establish qualifying service under 38 C.F.R. § 3.203(a). *See* 38 C.F.R. § 3.203 (providing two methods to establish qualifying service: (1) by applicant's submission of an official U.S. service department record containing verifying information, or (2) upon VA verification through request to the applicable service department). Because all records previously held by ARPERCEN were transferred to the NPRC in 1999, only the NPRC could search the relevant service department records. JA49–50. Each time the NPRC did so, it responded that it had no evidence that Go engaged in qualifying service. Go's claim ultimately was denied on that basis. On appeal, Go contends that the VA should not have been bound by the NPRC's determination because its records are flawed. According to Go, the VA should have conducted an independent analysis of evidence he presented to establish qualifying service. Under this court's precedent, however, a service department's

determination under § 3.203(c) is "conclusive and binding on the VA." *Soria v. Brown*, 118 F.3d 747, 749 (Fed. Cir. 1997). Consequently, we affirm the decision of the Veterans Court denying Go's claim.

As the VA concedes, however, Go has another potential avenue for relief. Go may file a request to "correct" his military service record under 10 U.S.C. § 1552, which provides that "[t]he Secretary of a military department may correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice." *See also Soria*, 118 F.3d at 749 ("[I]f the United States service department refuses to verify the applicant's claimed service, the applicant's only recourse lies within the relevant service department, not the VA."). If the information Go possesses regarding the fact of his service is deemed sufficient to justify revision of his military record, he may resubmit his claim for compensation from the FVECF. Thus, while we are not unsympathetic to Go's assertion that the NPRC database may be incorrect or, at least, incomplete, his recourse is under 10 U.S.C. § 1552, not with this Court.

**AFFIRMED**