http://www.va.gov/vetapp16/Files5/1639935.txt

Citation Nr: 1639935 
Decision Date: 09/30/16 Archive Date: 10/13/16

DOCKET NO. 10-27 714A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Manila, the Republic of the Philippines

THE ISSUE

Entitlement to one-time payment from the Filipino Veterans Equity Compensation (FVEC) fund.

ATTORNEY FOR THE BOARD

H. Papavizas, Associate Counsel

INTRODUCTION

The appellant alleges that he is a Guerilla Veteran of World War II with service from July 1943 to April 1945.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a December 2009 decisional letter issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Manila, the Republic of the Philippines, that denied the appellant's claim seeking compensation from the FVEC fund.

In the appellant's July 2010 substantive appeal, he requested a Travel Board hearing before a Veterans Law Judge sitting at the RO, and a Travel Board hearing was scheduled for February 2016. In January 2016, however, the appellant indicated that he would be unable to attend the scheduled hearing due to his physical disabilities, and he did not request that his hearing be rescheduled. Therefore, his hearing request is deemed withdrawn. 38 C.F.R. § 20.702 (2015).

On April 26, 2016, the Board issued a decision that denied entitlement to one-time payment from the Filipino Veterans Equity Compensation (FVEC) fund.

In July 2016, the Board vacated its April 26, 2016 decision because correspondence received from the appellant dated March 29, 2016, which was stamped as received on April 16, 2016, was not associated with the Veteran's electronic claims file until after the April 26, 2016 decision was issued. The Board has carefully considered the newly received evidence in its decision herein. 

This appeal was processed using the Virtual VA and Veteran Benefits Management System (VBMS) paperless claims processing systems.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

FINDINGS OF FACT

The service department certified that the appellant has no service as a member of the Philippine Commonwealth Army, including the recognized guerrillas, in the service of the United States Armed Forces during World War II.

CONCLUSION OF LAW

The appellant does not have the requisite service to entitle him to payment from the FVEC fund. 38 U.S.C.A. §§ 101, 5107 (West 2014); 38 C.F.R. § 3.203 (2015); American Recovery and Reinvestment Act § 1002, Pub. L. No. 111-5, 123 Stat. 115 (2009).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2015). However, the provisions of the law regarding notice and assistance with development have no effect on an appeal where, as here, the law, and not the underlying facts or development of the facts, is dispositive in a matter. Manning v. Principi, 16 Vet. App. 534, 542-543 (2002). See VAOGCPREC 5-2004 (June 23, 2004).

The appellant contends he is a veteran of World War II and that he served with a recognized guerrilla unit from July 1943 to April 1945. In his timely filed February 2009 application for a one-time payment from the FVEC fund, he provided his full name, his birthplace and date of birth, his dates of service, and the unit in which he served. He also provided the names of his spouse, father, and mother. In support of his claim, the appellant has submitted a number of affidavits and records from the Philippine Veterans Affairs Office. 

Under the American Recovery and Reinvestment Act, a one-time benefit is provided for certain Philippine veterans to be paid from the "Filipino Veterans Equity Compensation Fund." American Recovery and Reinvestment Act § 1002, Pub. L. No. 111-5 (enacted Feb. 17, 2009). Payments for eligible persons will be either in the amount of $9,000 for non-United States citizens or $15,000 for United States citizens.

Section 1002 addresses Payments to Eligible Persons Who Served in the United States Armed Forces in the Far East during World War II. Section 1002(c)(1) provides that the Secretary may make a payment from the compensation fund to an eligible person who, during the one-year period beginning on the date of the enactment of this Act, submits to the Secretary a claim for benefits under this section. The application for the claim shall contain such information and evidence as the Secretary may require. Section 1002(c)(2) provides that if an eligible person who has filed a claim for benefits under this section dies before payment is made under this section, the payment under this section shall be made instead to the surviving spouse, if any, of the eligible person.

Section 1002(d) provides that an eligible person is any person who--(1) served--(A) before July 1, 1946, in the organized military forces of the Government of the Commonwealth of the Philippines, while such forces were in the service of the Armed Forces of the United States pursuant to the military order of the President dated July 26, 1941, including among such military forces organized guerrilla forces under commanders appointed, designated, or subsequently recognized by the Commander in Chief, Southwest Pacific Area, or other competent authority in the Army of the United States; or (B) in the Philippine Scouts under section 14 of the Armed Forces Voluntary Recruitment Act of 1945 (59 Stat. 538); and (2) was discharged or released from service described in paragraph (1) under conditions other than dishonorable.

For eligible persons who accept a payment from the Filipino Veterans Equity Compensation Fund, such payment "shall constitute a complete release of any claim against the United States by reason of [such] service . . . ." However, nothing in this act "prohibit[s] a person from receiving any benefit (including health care, survivor, or burial benefits) which the person would have been eligible to receive based on laws in effect as of the day before the date of the enactment of this Act."

For purposes of establishing entitlement to VA benefits, VA may accept evidence of service submitted by a claimant, such as a DD Form 214, Certificate of Release or Discharge from Active Duty, or original Certificate of Discharge, without verification from the appropriate service department under the following conditions: (1) the evidence is a document issued by the service department; (2) the document contains needed information as to length, time, and character of service; and, (3) in the opinion of the VA, the document is genuine and the information contained in it is accurate. 38 C.F.R. § 3.203(a). When the claimant does not submit evidence of service or the evidence does not meet the requirements of this section, the VA shall request verification of service from a service department. 38 C.F.R. § 3.203(c).

In cases for VA benefits where the requisite veteran status is at issue, the relevant question is whether qualifying service is shown. Soria v. Brown, 118 F.3d 747 (Fed. Cir. 1997). Where service department certification is required, the service department's decision on the matter is conclusive and binding on VA. 38 C.F.R. § 3.203(c). See Duro v. Derwinski, 2 Vet. App. 530 (1992). Thus, if the United States service department does not verify the claimed service, the applicant's only recourse lies within the relevant service department; not with VA. A claimant is not eligible for VA benefits based on Philippine service unless a United States service department documents or certifies the claimed service. 38 C.F.R. § 3.203; Soria, supra.

Over the course of the appeal, the appellant provided statements and documents from Philippine veterans' benefits organizations and individuals. He reported that he served in a guerrilla unit, K Company, 3rd Battalion, 4th Regiment, in the Bataan Military District (BMD), East Central Luzon Guerrilla Area. With his claim, he submitted the following documents in support of his service in this unit: an October 2005 letter from the Philippine Veterans Affairs Office certifying the appellant served in K Company, 3rd Battalion, 4th Regiment, in the BMD, "Boone's Guerrilla's." In November 2009, the National Personnel Records Center (NPRC) certified that the appellant had no service as a member of the Philippine Commonwealth Army, including the recognized guerillas, in the Service of the United States Armed Forces. 

With his February 2010 notice of disagreement, the appellant submitted a number of documents, including number of the appellant's statements and affidavits certifying his service in K Company, 3rd Battalion, 4th Regiment, "Boone's Guerillas." The affidavits also include a description of the circumstances of the appellant's service. Additionally, the appellant submitted affidavits from five fellow members of Boone's guerillas certifying the appellant's participation in that unit, and indicating that the unit was duly recognized by the United States Army in 1945. The appellant also submitted a July 2010 letter from the Philippine Veterans Affairs Office which determined that the appellant was entitled to a partial payment of Total Administrative pension as a living veteran of World War II. The Board notes that none of these documents are from U.S. Army sources.

In May 2015, the RO once again forwarded this information to the NPRC for verification on behalf of the U.S. Army that the appellant served in the guerrilla unit and that the unit were under commanders appointed, designated, or subsequently recognized by the Commander in Chief, Southwest Pacific Area, or other competent authority in the Army of the United States. The RO submitted all variations of the appellant's name and his unit designation. The RO also noted that the appellant's name appeared on a local Reconstructed Recognized Guerrilla Roster. In August 2015, the U.S. Army Human Resources Command responded that the appellant did not have service in a recognized guerrilla unit in the service of the U.S. Army. The memorandum noted that, guerillas in the BMD were listed only as members of a particular regiment, not by battalion. The memorandum determined that the appellant's name was not listed on the 4th Infantry Regiment roster. Furthermore, the memorandum noted that the Department of the Army for the post-War recognition program could not accept the documents from the Philippine Veterans Affairs Office or the affidavits submitted by the appellant as valid verification of service.

As noted above, the appellant has submitted statements and documentation pertaining to his reported service in the recognized guerillas in an effort to support his claim, including evidence received after April 2016, which the Board finds is merely redundant of evidence previously submitted by the appellant. However, none of that documentation or lay evidence qualifies as acceptable proof of service under the provisions of 38 C.F.R. § 3.203. On the contrary, that evidence was not issued by the service department, nor does it contain the necessary information to establish entitlement to the benefit sought. Therefore, that evidence may not be accepted as verification of service for the purpose of determining eligibility for benefits administered by VA, including the one-time payment from the FVEC fund.

The NPRC and the Department of the Army have duly considered the appellant's application for VA benefits and have, in effect, certified on two occasions that the appellant had no service as a member of the Philippine Commonwealth Army, including the recognized guerrillas, in the service of the United States Armed Forces. The Board is bound by that certification. See Capellan v. Peake, 539 F.3d 1373 (Fed. Cir. 2008) (if the service department does not verify the applicant's claimed service, the applicant's only recourse lies within the service department, not with VA).

The Board is sympathetic to the appellant's situation, and does not question the sincerity of his belief that he is entitled to the benefit he seeks. However, the pertinent legal authority governing entitlement to payments from the FVEC fund is clear and specific: It must be shown by verification of the United States service department that the claimant has qualifying service. The Board is bound by the law as written. As, on these facts, there is no legal theory that would permit a one-time payment from the FVEC fund, the appellant's claim must be denied as lacking legal merit. See Sabonis v. Brown, 6 Vet. App. 426, 430 (1994). 

ORDER

The claim for a one-time payment from the FVEC fund is denied.

____________________________________________
MARJORIE A. AUER
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs