Citation Nr: 1536790 
Decision Date: 08/27/15 Archive Date: 09/04/15

DOCKET NO. 10-41 377 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office 
in Manila, the Republic of the Philippines


THE ISSUE

Entitlement to a one-time payment from the Filipino Veterans Equity Compensation Fund (FVEC). 


REPRESENTATION

Appellant represented by: The American Legion


WITNESSES AT HEARING ON APPEAL

Appellant and R. C.


ATTORNEY FOR THE BOARD

Patrick J. Costello, Counsel 


INTRODUCTION

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a January 2010 determination of the Department of Veterans Affairs (VA) Regional Office (RO) in Manila, the Republic of the Philippines, which denied the appellant's claim for one-time payment from the Filipino Veterans Equity Compensation Fund on the basis that he had no valid military service. 

In June 2014 the appellant and a friend provided testimony at a Board hearing held in San Diego, California. A transcript of that hearing is of record. 

In Bryant v. Shinseki, 23 Vet. App. 488 (2010), the United States Court of Appeals for Veterans Claims (Court) held that 38 C.F.R. 3.103(c)(2) requires that the VLJ who chairs a hearing fulfill two duties to comply with the above the regulation. These duties consist of (1) the duty to fully explain the issues and (2) the duty to suggest the submission of evidence that may have been overlooked. Here, during the hearing, the VLJ noted that basis of the prior determinations and noted the elements of the claim that were lacking to substantiate the claim for benefits. In addition, the VLJ sought to identify any pertinent evidence not currently associated with the claims folder that might have been overlooked or was outstanding that might substantiate the claim. Moreover, the appellant has not asserted that VA failed to comply with 38 C.F.R. 3.103(c)(2) or identified any prejudice in the conduct of the Board hearing. By contrast, the hearing focused on the elements necessary to substantiate the claim, and the appellant, through his testimony, demonstrated that he had actual knowledge of the elements necessary to substantiate his claim for benefits. As such, the Board finds that, consistent with Bryant, the VLJ complied with the duties set forth in 38 C.F.R. 3.103(c)(2) (2014) and that the Board can go forward on the claim based on the current record. 

Following a review of the claim, the Board, in July 2014 remanded the claim to the RO for the purpose of obtaining additional clarifying information. The claim has since been returned to the Board for review. Upon reviewing the development that has occurred since July 2014, the Board finds there has been substantial compliance with its remand instructions. The Board notes that the Court has noted that "only substantial compliance with the terms of the Board's engagement letter would be required, not strict compliance." D'Aries v. Peake, 22 Vet. App. 97, 105 (2008); see also Dyment v. West, 13 Vet. App. 141, 146-47 (1999) (holding that there was no Stegall violation when the examiner made the ultimate determination required by the Board's remand, because such determination "more than substantially complied with the Board's remand order"). The record indicates that the appellant's claim was returned to the RO so that additional clarifying information could be obtained from the National Personnel Records Center (NPRC) and the service department. The results of that inquiry have been included in the claims folder for review. The RO subsequently issued a supplemental statement of the case (SSOC) after reviewing the results of the information obtained. Based on the foregoing, the Board finds that the RO substantially complied with the mandates of the September 2013 remand. See Stegall v. West, 11 Vet. App. 268, 271 (1998) (finding that a remand by the Board confers on the veteran the right to compliance with the remand orders). 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDINGS OF FACT

The service department has certified that the appellant had no service as a member of the Philippine Commonwealth Army, including the recognized guerrillas, in the service of the United States Armed Forces during World War II. 


CONCLUSION OF LAW

The appellant did not have the requisite service to entitle him to payment from the Filipino Veterans Equity Compensation Fund. 38 U.S.C.A. §§ 101, 5103, 5107 (West 2014); 38 C.F.R. § 3.203 (2014); Pub. L. No. 111-5, § 1002, 123 Stat. 115, 200-202 (2010). 


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Board must assess the credibility and weight of all evidence, including the medical evidence, to determine its probative value, accounting for evidence which it finds to be persuasive or unpersuasive, and providing reasons for rejecting any evidence favorable to the appellant. Equal weight is not accorded to each piece of evidence contained in the record; every item of evidence does not have the same probative value. When all the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the appellant prevailing in either event, or whether a preponderance of the evidence is against a claim, in which case, the claim is denied. Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Upon receipt of a complete or substantially complete application for benefits, VA is required to notify the claimant and his or her representative, if any, of any information, and any medical or lay evidence, that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a)(1) (West 2014); 38 C.F.R. § 3.159(b) (2014); Quartuccio v. Principi, 16 Vet. App. 183 (2002).

In cases where the appellant alleges recognized guerrilla service or service in the Philippine Army during World War II, VA is obligated to inform the appellant of the information or evidence necessary to prove the element of veteran status. Palor v. Nicholson, 21 Vet. App. 325 (2007) (because veteran status is frequently a dispositive issue in claims filed by Philippine claimants, some tailoring of notice concerning proof of veteran status is necessary in most, if not all, cases).

In this case, although the appellant was not provided with the required notification prior to the initial adjudication of his claim, the Board finds that no prejudice has resulted. In the January 2010 decision letter, the RO explained that verification of military service was the responsibility of the National Personnel Records Center (NPRC) and that its findings were binding on VA. Because NPRC had certified that the appellant had no service as a member of the Philippine Commonwealth Army, including the recognized guerrillas, in the service of the U.S. Armed Forces during World War II, he was not legally entitled to payment from the Filipino Veterans Equity Compensation Fund.

After affording the appellant the opportunity to submit additional evidence and argument, the RO reconsidered his claim in the June 2010 statement of the case, the July 2010 supplemental statement of the case, the January 2013 supplemental statement of the case, and the January 2015 supplemental statement of the case. Medrano v. Nicholson, 21 Vet. App. 165 (2007); Overton v. Nicholson, 20 Vet. App. 427, 435 (2006); Prickett v. Nicholson, 20 Vet. App. 370, 376 (2006) (issuance of a fully compliant notification followed by readjudication of the claim, such as a statement of the case, is sufficient to cure a timing defect).

Moreover, to the extent that notification provided to the appellant did not include specific information regarding veteran status, the Board finds that error is not prejudicial. Three times the service department has certified that the appellant had no service as a member of the Philippine Commonwealth Army, including the recognized guerrillas, in the service of the United States Armed Forces during World War II. VA is bound by that certification. Soria v. Brown, 118 F.3d 747 (Fed. Cir. 1997); Palor v. Nicholson, 21 Vet. App. 325 (2007); Duro v. Derwinski, 2 Vet. App. 530 (1992).

In light of the binding certifications, any notification error is non-prejudicial as the appellant is not entitled to benefit as a matter of law. Valiao v. Principi, 17 Vet. App. 229 (2003).

VA also has a duty to assist claimants in the development of a claim. That includes assisting the claimant in procuring service medical records and other relevant treatment records and providing a VA examination when necessary. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159 (2014).

A review of the record indicates that all necessary evidence relative to this claim has been obtained and associated with the claims file. The service department has three times certified that the appellant had no service as a member of the Philippine Commonwealth Army, including the recognized guerrillas, in the service of the United States Armed Forces during World War II. The initial negative certification was in November 2009. After the appellant submitted additional information, the RO again contacted the service department in November 2012 and November 2014, and requested reverification of service for the appellant. Capellan v. Peake, 539 F.3d 1373 (Fed. Cir. 2008) (duty to assist requires that new evidence submitted by a claimant in support of a request for verification of service from the service department must be submitted to the service department for review). In all instances the service department responded that the appellant had no service as a member of the Philippine Commonwealth Army, including the recognized guerrillas, in the service of the United States Armed Forces during World War II. Because the third negative certification that occurred after the Board remanded the claim in July 2014, the appellant has produced no additional information which would warrant a further request to NPRC. Additionally, because of the nature of the issue on appeal, the Board finds that there is no need for a VA medical opinion. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159(c)(4) (2014).

The Board finds that no further notification or development action is necessary on the issue now being decided. No reasonable possibility exists that any additional assistance would aid in substantiating the claim. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159(c) (2014). The Board further notes that the United States Court of Appeals for Veterans Claims, hereinafter the Court, has held that the notice requirements are not applicable to matters in which the law, and not the evidence, is dispositive. Mason v. Principi, 16 Vet. App. 129 (2002); Dela Cruz v. Principi, 15 Vet. App. 143 (2001). 

In August 2009, the appellant submitted an application for one-time payment from the Filipino Veterans Equity Compensation Fund. He contended that he served with the ROTC Hunters Guerilla D1 Company. He stated that he served from 1943 to 1945. 

In January 2010, the RO denied the appellant's claim on the basis that the service department had certified that he did not have the requisite military service to establish eligibility therefor. The appellant appealed that determination, noting that he had served honorably and that he had been recognized as a "veteran." To support his claim, the appellant proffered additional documents to the RO (and he subsequently testified before the Board). 

The RO contacted the service department and requested further verification of the appellant's reported military service. In the later requests, additional information has been provided as to the units the appellant purportedly was assigned thereto and the name he served thereunder. NPRC again responded that the appellant had no service as a member of the Philippine Commonwealth Army, including the recognized guerrillas, in the service of the Armed Forces of the United States. That negative response was forwarded back to the RO in November 2012, and then again in November 2014. 

During World War II, various military units, including the regular Philippine Scouts, the new Philippine Scouts, the Guerrilla Services, and more than 100,000 members of the Philippine Commonwealth Army, were called into the service of the United States Armed Forces of the Far East. Military Order of July 26, 1941, 6 Fed. Reg. 3825 (Aug. 1, 1941). Only the service of some Filipino veterans entitles them to receive full benefits administered by VA. 38 U.S.C.A. § 107 (West 2014).

On February 17, 2009, the American Recovery and Reinvestment Act, included a provision for the creation of the Filipino Veterans Equity Compensation Fund, providing one time payments to eligible persons. Pub. L. No. 111-5, § 1002, 123 Stat. 115, 200-202 (2009). An eligible person is any person who served before July 1, 1946, in the organized military forces of the Government of the Commonwealth of the Philippines, while such forces were in the service of the Armed Forces of the United States pursuant to the military order of the President dated July 26, 1941, including among such military forces organized guerrilla forces under commanders appointed, designated, or subsequently recognized by the Commander in Chief, Southwest Pacific Area, or other competent authority in the Army of the United States; or who served in the Philippine Scouts under § 14 of the Armed Forces Voluntary Recruitment Act of 1945 (59 Stat. 538). Additionally, the person must have been discharged or released from that service under conditions other than dishonorable. Pub. L. No. 111-5, § 1002(d), 123 Stat. 115, 200-202 (2009).

The Act further directed VA to administer the provisions in a manner consistent with applicable provisions of title 38, United States Code, and other provisions of law, and to apply the definitions in 38 U.S.C.A. § 101 in the administration of the provisions, except to the extent otherwise provided. Pub. L. No. 111-5, § 1002(d), 123 Stat. 115, 200-202 (2009).

The Secretary is authorized by statute to prescribe regulations with respect to the nature and extent of proof and evidence and the method of taking and furnishing them in order to establish the right to benefits under the laws administered by VA. 38 U.S.C.A. § 501(a)(1) (West 2014). Pursuant to that authority, the Secretary has prescribed regulatory provisions governing the evidentiary requirements for establishing the requisite service for VA benefits purposes.

That regulation provides that for the purpose of establishing entitlement to benefits, VA may accept evidence of service submitted by a claimant, such as a DD Form 214, Certificate of Release or Discharge from Active Duty, or original Certificate of Discharge, without verification from the appropriate service department if (1) the evidence is a document issued by the service department, (2) the document contains needed information as to length, time and character of service; and (3) in the opinion of the VA the document is genuine and the information contained in it is accurate. 38 C.F.R. § 3.203(a) (2014).

With respect to documents submitted to establish a creditable period of wartime service for pension entitlement, a document may be accepted without verification if the document shows, in addition to meeting the above requirements, (1) service of four months or more, or (2) discharge for disability incurred in the line of duty, or (3) 90 days creditable service based on records from the service department such as hospitalization for ninety days for a line of duty disability. 38 C.F.R. § 3.203(b) (2014). When the claimant does not submit evidence of service or the evidence submitted does not meet the requirements discussed above, the VA shall request verification of service from the service department. 38 C.F.R. § 3.203(c) (2014).

The findings by the service department verifying a person's service are binding on VA for purposes of establishing service in the United States Armed Forces. Duro v. Derwinski, 2 Vet. App. 530 (1992); Dacoron v. Brown, 4 Vet. App. 115 (1993); Soria v. Brown, 118 F.3d 747 (Fed. Cir. 1997).

Three times NPRC has certified that the appellant had no service as a member of the Philippine Commonwealth Army, including the recognized guerrillas, in the service of the United States Armed Forces. NPRC has searched for the appellant in various military units and has also attempted to confirm his service via the use of various names given by the appellant. In all cases, the NPRC has not been able to certify the appellant's service. VA is bound by that certification.

The Board has carefully considered the documentation submitted by the appellant, but notes that it fails to satisfy the requirements as acceptable proof of service. 38 C.F.R. § 3.203 (2014). The documents submitted by the appellant do not contain the necessary information to establish entitlement to the benefit sought. Therefore, those documents may not be accepted as verification of service for the purpose of determining eligibility for benefits administered by the Secretary of VA, including the one-time payment from the Filipino Veterans Equity Compensation Fund. In any event, the Board notes that the service department has considered the information contained in that documentation and thrice certified that the appellant had no service as a member of the Philippine Commonwealth Army, including the recognized guerrillas, in the service of the Armed Forces of the United States. Again, the Board is bound by that certification. If the United States service department does not verify the applicant's claimed service, the applicant's only recourse lies with the relevant service department, not VA. Capellan v. Peake, 539 F.3d 1373 (Fed. Cir. 2008).

As the service department has certified that the appellant did not have the requisite service to qualify his for payment from the Filipino Veterans Equity Compensation Fund, the appeal must be denied. Where, as here, the law is dispositive, the claim must be denied due to an absence of legal entitlement. Sabonis v. Brown, 6 Vet. App. 426 (1994). 


ORDER

Entitlement to one-time payment from the Filipino Veterans Equity Compensation Fund is denied.



____________________________________________
JAMES L. MARCH
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs