http://www.va.gov/vetapp16/Files4/1630423.txt

Citation Nr: 1630423 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 15-42 595A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Manila, 
the Republic of the Philippines

THE ISSUE

Whether new and material evidence has been received to reopen the issues of whether the Appellant is a veteran for the purpose of establishing entitlement to a one-time payment from the Filipino Veterans Equity Compensation Fund (FVECF).

ATTORNEY FOR THE BOARD

Sean G. Pflugner, Counsel 

INTRODUCTION

The Appellant alleges that he was a recognized guerrilla in the service of the Armed Forces of the United States during World War II. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal of a July 2014 administrative decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Manila, the Republic of the Philippines.

This appeal has been advanced on the Board's docket. 38 U.S.C.A. § 7107(a)(2) (West 2014); 38 C.F.R. § 20.900(c) (2015).

FINDINGS OF FACT

1. In January 2013, the Board denied the Appellant's claim of entitlement to a one-time payment from the FVECF because qualifying service could not be certified by a U.S. service department (through the National Personnel Records Center (NPRC)); no appeal was filed.
 
2. Since the January 2013 Board decision, VA has received additional documentation regarding the Appellant's alleged service, but none that raises a reasonable possibility of substantiating the claim even with VA's assistance.

CONCLUSIONS OF LAW

1. The January 2013 Board decision is final. 38 U.S.C.A. § 7104(b) (West 2002); 38 C.F.R. §20.1100 (2012); currently, 38 U.S.C.A. § 7104(b) (West 2014); 38 C.F.R. § 20.1100 (2015).

2. Evidence received to reopen the issue of whether the Appellant is a veteran for the purpose of establishing entitlement to a one-time payment from the FVECF, is not new and material, and therefore, the claim is denied. 38 U.S.C.A. §§ 5108, 7105 (West 2014); 38 C.F.R. § 3.156 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

VA has a duty to notify and assist claimant in substantiating claims for VA benefits. 38 U.S.C.A. §§ 5102, 5103, 5103A (West 2014); 38 C.F.R. §§ 3.156(a), 3.159, 3.326(a) (2015); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

Prior to the adjudication of the Appellant's above-captioned claim in the July 2014 decision, the RO's February 2014 letter did not satisfy the duty to notify provision. 38 U.S.C.A. § 5103 (a); 38 C.F.R. § 3.159(b)(1); see Quartuccio v. Principi, 16 Vet. App. 183, 187 (2002); see Kent v. Nicholson, 20 Vet. App. 1 (2006); Palor v. Nicholson, 21 Vet. App. 325 (2007). Despite this notice defect, the Board finds that the Appellant was not prejudiced. In this regard, the Board finds that the Appellant had actual knowledge of the basis for substantiating his claim. Specifically, statements submitted throughout the pendency of this appeal, show that the Appellant was aware that a U.S. service department, through NPRC, needed to officially certify qualifying service in order to be eligible for the one-time payment from the FVECF.

Despite VA's failure to satisfy the notice provisions, this error was harmless as the Appellant had actual knowledge of basis for substantiating his claim and was provided the opportunity to participate in the processing of this claim. Further, actual notice of the relevant laws and regulations was provided to the Appellant in a December 2015 statement of the case. 

Additionally, the record reflects that, based on information and documentation the Appellant provided, the RO sought U.S. service department certification of the Appellant's claimed service by way of the NPRC with reference to two different spelling of his last name. The U.S. service department, via NPRC, certified that the Appellant had no qualifying service. As will be discussed below, without certification of qualifying service, eligibility for the one-time payment from FVECF is denied as a matter of law. When a claimant is ineligible for VA benefits as a matter of law based on the service department's refusal to certify the alleged service, he is not prejudiced by VA's failure to notify him of the various methods available for proving Philippine veteran status. See Palor, 21 Vet. App. at 332-33 (noting that "given the binding nature of the U.S. service department's certification ...a remand for further development could not possibly change the outcome of the decision").

Based on the above, the Board finds that the purpose behind the notice requirements has been satisfied. See Pelegrini v. Principi, 18 Vet. App. 112, 120 (2004). Further, in the circumstances of this case, additional efforts to notify the Appellant at this point would serve no useful purpose. See Soyini v. Derwinski, 1 Vet. App. 540, 546 (1991) (holding that strict adherence to requirements of the law does not dictate an unquestioning, blind adherence in the face of overwhelming evidence in support of the result in a particular case; such adherence would result in unnecessarily imposing additional burdens on VA with no benefit flowing to the Veteran). Again, VA's error was not harmful to the essential fairness of the proceeding. Therefore, the Appellant will not be prejudiced by proceeding on the merits of his claim

The RO twice sought certification of the Appellant's military service. There is no indication that information submitted by VA to the service department for the purposes of certifying his service was erroneous or incomplete. These certification requests included copies of the documents submitted by the Appellant and listed both of the spellings for his last name. The NPRC considered all of this evidence before sending a negative answer in June 2014 and December 2015. See Capellan v. Peake, 539 F.3d 1373 (Fed. Cir. 2008) (re-certification when there is newly received relevant evidence since the negative certification). The Appellant indicated on several occasions that he had submitted all of the records he had in his possession that would substantiate his assertion that he had qualifying service. Therefore, VA's duty to assist has been met. Accordingly, the Board will address the merits of the above-captioned claim.

Preliminarily, the Board observes that VA lost the Appellant's original claims file. When records in the possession of the government are unavailable through no fault of the claimant, VA has a heightened obligation to assist the Veteran in the development of his case, and to explain findings and conclusions, as well as carefully consider the benefit of the doubt rule. See O'Hare v. Derwinski, 1 Vet. App. 365, 367 (1991).

In 2009, the Appellant submitted a claim of entitlement to a one-time payment from the FVECF, which was denied in March 2010. Thereafter, the Appellant perfected an appeal. Ultimately, in January 2013, the Board denied the Appellant's claim and he did not submit an appeal. Consequently, the January 2013 Board decision is final based on the evidence then of record. 38 U.S.C.A. § 7104(b) (West 2002); 38 C.F.R. §20.1100 (2012); currently, 38 U.S.C.A. § 7104(b) (West 2014); 38 C.F.R. § 20.1100 (2015).

Although a decision is final, a claim will be reopened if new and material evidence is received. 38 U.S.C.A. § 5108; 38 C.F.R. § 3.156. New and material evidence can be neither cumulative, nor redundant, of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. "New" evidence means existing evidence not previously submitted to VA. "Material" evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an un-established fact necessary to substantiate the claim. See 38 C.F.R. § 3.156(a). The threshold for determining whether new and material evidence raises a reasonable possibility of substantiating a claim is low. The determination of whether newly submitted evidence raises a reasonable possibility of substantiating the claim should be considered a component of the question of what is new and material evidence, rather than a separate determination to be made after VA has found that evidence is new and material. Shade v. Shinseki, 24 Vet. App. 110, 117 (2010). If the claim is reopened, it will be reviewed on a de novo basis. 38 U.S.C.A. §§ 5108, 7105; Evans v. Brown, 9 Vet. App. 273, 282-83 (1996); Manio v. Derwinski, 1 Vet. App. 140 (1991).

Although it appears as though the RO reopened the Appellant's claim, RO decisions are not binding on the Board and, consequently, the Board must first decide whether new and material evidence has been received to reopen the Appellant's claim. Barnett v. Brown, 83 F.3d 1380, 1383-84 (Fed. Cir. 1996); McGinnis v. Brown, 4 Vet. App. 239, 244 (1993) (holding that Board reopening is unlawful when new and material evidence has not been submitted). As the January 2013 Board decision is the last final disallowance with respect to the claim, the Board must review all of the evidence submitted since then to determine whether the Appellant's claim should be reopened and re-adjudicated on a de novo basis. Evans, 9 Vet. App. at 282-83.

The Appellant seeks a one-time payment from the FVECF under the American Recovery and Reinvestment Act of 2009, Pub. L. No. 111-5, Section 1002 (enacted February 17, 2009) (to be codified in Title 38 of the United States Code: Veterans' Benefits). Payments for eligible persons will be either in the amount of $9,000 for non-United States citizens or $15,000 for United States citizens. The Secretary of VA is to administer the fund consistent with applicable provisions of the Title 38 of the United States Code. 

Under Section 1002, an eligible person is any person: (1) who served before July 1, 1946, in the organized military forces of the Government of the Commonwealth of the Philippines, while such forces were in the service of the Armed Forces of the United States pursuant to the military order of the President dated July 26, 1941, including among such military forces organized guerrilla forces under commanders appointed, designated, or subsequently recognized by the Commander in Chief, Southwest Pacific Area, or other competent authority in the Army of the United States; or (2) any person who served in the Philippine Scouts under section 14 of the Armed Forces Voluntary Recruitment Act of 1945 (59 Stat. 538 ); and (3) any eligible person was discharged or released from service under conditions other than dishonorable. See 38 C.F.R. § 3.40 (eligibility for VA benefits for certain Philippine service). 

For the purpose of establishing evidence of service, VA may accept evidence of service submitted by a claimant, such as a DD Form 214, Certificate of Release or Discharge from Active Duty, or original Certificate of Discharge, without verification from the appropriate service department if the evidence meets the following conditions: (1) the evidence is a document issued by the service department; (2) the document contains needed information as to length, time and character of service; and (3) in the opinion of the Department of Veterans Affairs the document is genuine and the information contained in it is accurate. 38 C.F.R. § 3.203(a). 

When the claimant does not submit evidence of service or the evidence submitted does not meet the stated requirements, the Department of Veterans Affairs will request verification of service from the service department. 38 C.F.R. § 3.203(c).

The findings of the U.S. service department verifying a person's service are binding on VA for the purpose of establishing service in the U.S. Armed Forces. Duro v. Derwinski, 2 Vet. App. 530 (1992).

In support of his original claim, the Appellant submitted the following documents: PVAO Form 4, Certification of the Ministry of National Defense, dated in March 1980, certifying that the Appellant served in the 3rd Army Corps, MFAT; AGNR2, Certification from General Headquarters of the Armed Forces of the Philippines at Camp General Emilio Aguinaldo, Quezon City, dated in July 1992 and April 1995, certifying that he was a recognized guerrilla beginning in June 1943; AG-VAB Form 40, certification of Headquarters, National Defense Forces, Camp Murphy, Quezon City, dated in December 1947, certifying the appellant was carried in the approved roster (guerrilla) of the 3rd Army Corps, MFA (Element of Saber Force); PA AGO Form 55, Philippine Army discharge document, dated in April 1946, indicating that the Appellant, of Markings Fil-American Forces, was honorably discharged in February 1946; PVAO (RD) Form 002, Department of National Defense, Veterans Compound, Camp Gen. Emilio Aguinaldo, Quezon City, dated in April 2009, certifying that the Appellant was a veteran of Philippine Revolution/World War II who served with 3rd Army Corps, MFAT, as a deserving guerrilla, from June 1943 to February 1946; PVAO Form 4327, Acknowledgement of the Department of Finance, Bureau of the Treasury, Manila, dated in March 1979, certifying that the Appellant was entitled to back pay as a member of the armed forces of the Philippines and recognized guerrillas; VCSS Form 3, Order of Payment, Department of National Defense, Camp Aguinaldo, Quezon City, dated in October 1969, providing a statement of pay and allowances for the period of June 1943 to June 1945; and VCSS Form 1-a, Extract from Military Service Record from General Headquarters, Armed Forces of the Philippines, Office of the Adjutant General, Camp Gen. Emilio Aguinaldo, Quezon City, dated in February 1969, indicating that the appellant was a guerrilla in "D" company, 1st battalion, Saber Force beginning in June 1943 under Colonel Liwanag and was honorably discharged in February 1946. 

The Appellant also submitted a U.S. passport, issued to him in July 2008; various documents regarding his U.S. application for naturalization; a letter from VA's Health Eligibility Center, dated in February 2004, confirming the Appellant's enrollment in the VA health care system; and an award from the Office of the President of the Philippines, dated in April 1996, showing the Appellant's service decorations. 

Because the documents were not issued by a U.S. service department, the RO sought verification of service from the NPRC, which in January 2010, September 2010, and October 2011, certified and re-certified that the Appellant had no service as a member of the Philippine Commonwealth Army, including the recognized guerrillas, in the service of the United States Armed Forces, which was the bases for the Board's denial in January 2013. As such, any new and material evidence must relate to this.

In support of his February 2014 claim to reopen the issue of entitlement to one-time payment from the FVECF, the Appellant submitted a variety of documents and statements. The vast majority of this evidence is either cumulative or duplicative of evidence of record at time of the January 2013 Board decision and, thus, is not new. However, the Appellant also submitted an AGO Form 23, titled Affidavit for Philippine Army Personnel. This form includes information regarding the Appellant's claimed military service.

Because the AGO Form 23 was not issued by a U.S. service department, the RO again requested certification of the Appellant's service. Based on a review of the Appellant's information and the evidence of record, including the AGO Form 23, NPRC responded in June 2014 that no change was warranted in the prior negative certification.

The RO also submitted a request for certification of the Appellant's service to the U.S. Department of the Army. In December 2015, the Adjutant General responded in a memorandum that, based on a review of the information provided and official information contain in Army records maintained by NPRC, no change to the previous negative service determination could be made. In making this determination, the Adjutant General observed that the Appellant's AGO Form 23 indicated that he served with D Company, 1st Battalion, Saber Force, and Marking's Fil American Troops (MFAT). However, the only unit listing that references Saber Force is Saber Force, President Quezon's Own Guerrillas, and the Appellant's name was not on that roster. The Adjutant General then stated that, in regards to the Appellant's service in MFAT, a review could not be undertaken without additional documentation/information. Specifically, the Adjutant General indicated that the roster is a "very large document with numerous units." In order to conduct a review, another AGO Form 23 and corresponding unit roster is needed.

Although some of the evidence of record submitted since the January 2013 Board decision is new, including the AGO Form 23, as it was not of record at the time of the January 2013 Board decision, the Board finds that it is not material. Since the January 2013 Board decision, the RO has twice sought verification of the Appellant's service and has twice received negative responses. These responses were predicted on a review of all of the evidence submitted by the Appellant or obtained by VA and, thus, necessarily include all of the evidence associated with the record since January 2013. As discussed above, in matters of verifying a person's service, NPRC's and/or a U.S. service department's findings are binding upon VA. Without certification of qualifying service from a U.S. service department or NPRC, the underlying claim of entitlement to a one-time payment from the FVECF is to be denied as a matter of law. Thus, evidence submitted since the January 2013 Board decision, including the AGO Form 23, is not material because it does not raise a reasonably possibility of substantiating the claim. 

Based on the above, the Board finds new and material evidence has not been submitted to reopen the Veteran's claim. As such, the benefit of the doubt doctrine is not applicable. Annoni v. Brown, 5 Vet. App. 463, 467 (1993); O'Hare, 1 Vet. App. at 367. In making this determination, the Board is sympathetic to the Appellant, and does not question the sincerity of his belief that his service qualifies as recognized guerrilla service with the American Forces during World War II. However, a determination in this regard is not within the Board's jurisdiction, and the matter must be resolved with the service department and not VA. The Board is bound by the law and is without authority to grant benefits on an equitable basis. 38 U.S.C.A. §§ 503, 7104 (West 2002); Harvey v. Brown, 6 Vet. App. 416 (1994). This case is decided based on its application of this law to the pertinent facts. Owings v. Brown, 8 Vet. App. 17 (1995); Kelly v. Derwinski, 3 Vet. App. 171 (1992) (holding that the law must be interpreted as it exists, and cannot extend benefits out of sympathy for a particular claimant).

ORDER

New and material evidence having not been received, the claim to reopen the issue of whether the Appellant is a veteran for the purpose of establishing entitlement to a one-time payment from the FVECF is denied.

____________________________________________
T. REYNOLDS
Veterans Law Judge, Board of Veterans' Appeals
Department of Veterans Affairs