Citation Nr: 1761222 
Decision Date: 12/29/17 Archive Date: 01/02/18

DOCKET NO. 09-02 931 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Manila, the Republic of the Philippines


THE ISSUE

Whether the appellant has legal entitlement to VA death benefits.


WITNESSES AT HEARING ON APPEAL

Appellant, J.H. and M.H.


ATTORNEY FOR THE BOARD

E. Choi, Associate Counsel



INTRODUCTION

The decedent, R.A.M. (hereinafter "decedent"), died in July 2004. The appellant seeks entitlement to VA death benefits as a surviving spouse.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2008 administrative decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Manila, the Republic of the Philippines, which denied the appellant's request to reopen a claim for VA benefits.

In November 2009, the appellant and two witnesses testified at a Board videoconference hearing held at the RO in Manila, the Republic of the Philippines, before the undersigned Acting Veterans Law Judge sitting in Washington, D.C. A transcript of the hearing has been associated with the claims file.

In a February 2010 decision, the Board reopened the appellant's claim and remanded the issue of legal entitlement to VA death benefits to the RO for further development. After completing the requested development, the RO has properly returned the matter to the Board for appellate consideration.

The Board has reviewed the electronic files on "Virtual VA" and the Veterans Benefits Management System (VBMS) to ensure a complete review of the evidence in this case. 


FINDING OF FACT

The United States Department of the Army has certified that the decedent had no service as a member of the Philippine Commonwealth Army, including the recognized guerrillas, in the service of the Armed Forces of the United States.


CONCLUSION OF LAW

The criteria for establishing veteran status for the purpose of entitlement to VA death benefits have not been met. 38 U.S.C. §§ 101, 107, 501 (2012); 38 C.F.R. §§ 3.1, 3.6, 3.7, 3.40, 3.203 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA), codified in pertinent part at 38 U.S.C. §§ 5103, 5103A, and the pertinent implementing regulation, codified at 38 C.F.R. § 3.159, provide that VA will assist a claimant in obtaining evidence necessary to substantiate a claim. With regard to claims which may turn on whether there was recognized guerrilla service or service in the Philippine Army during World War II, VA is obligated by the VCAA to inform the claimant of the information or evidence necessary to prove the element of veteran status. Palor v. Nicholson, 21 Vet. App. 325, 331 (2007) ("Since veteran status is frequently a dispositive issue in claims filed by Philippine claimants, some tailoring of VCAA notice concerning proof of veteran status is necessary in most, if not all, cases.").

In the June 2008 administrative decision, the RO explained that verification of military service was the responsibility of the National Personnel Records Center (NPRC) and that its findings were binding on VA. Because NPRC had certified that the decedent had no service as a member of the Philippine Commonwealth Army, including the recognized guerrillas, in the service of the U.S. Armed Forces during World War II, the appellant was not legally entitled to VA benefits. The RO also provided notice to the appellant as to the information or evidence that was necessary to reopen the claim.

After affording the appellant the opportunity to submit additional evidence and argument, the RO reconsidered the claim in a November 2008 Statement of the Case. Medrano v. Nicholson, 21 Vet. App. 165 (2007); Overton v. Nicholson, 20 Vet. App. 427, 435 (2006); Prickett v. Nicholson, 20 Vet. App. 370, 376 (2006) (issuance of a fully compliant notification followed by readjudication of the claim, such as a statement of the case, is sufficient to cure a timing defect). Similarly, upon remand from the Board's February 2010 decision, the appellant was afforded the opportunity to submit additional evidence and argument, and the RO reconsidered the claim in an October 2010 Supplement Statement of the Case.

In making this determination, the Board acknowledges Tagupa v. McDonald, 27 Vet. App. 95 (2014), wherein the United States Court of Appeals for Veterans Claims (Court) found that verification of service directly from the United States Department of the Army was required in the absence of evidence of delegation to the NPRC of the service department's authority to verify the nature of the appellant's service. Pursuant to the Board's February 2010 remand directives, in August 2010, the RO requested verification from the Department of the Army. The Department of the Army issued a response most recently in September 2010 finding the decedent has no service as a member of the Philippine Commonwealth Army, including the recognized guerrillas, in the service of the United States Armed Forces.

Moreover, to the extent that any notification provided to the appellant did not include specific information regarding veteran status, the Board finds that error is not prejudicial. Numerous times the service department and Department of the Army have certified that the decedent had no service as a member of the Philippine Commonwealth Army, including the recognized guerrillas, in the service of the United States Armed Forces during World War II. VA is bound by that certification. Soria v. Brown, 118 F.3d 747 (Fed. Cir. 1997); Palor v. Nicholson, 21 Vet. App. 325 (2007); Duro v. Derwinski, 2 Vet. App. 530 (1992); Tagupa v. McDonald, 27 Vet. App. 95 (2014).

In light of the binding certifications, any notification error is non-prejudicial as the appellant is not entitled to benefit as a matter of law. Valiao v. Principi, 17 Vet. App. 229 (2003).

Entitlement to VA Death Benefits

The appellant, who is the decedent's surviving spouse, contends that the decedent had service in the Philippine Commonwealth Army in the service of the United States Armed Forces, and as a result believes she is entitled to VA death benefits.

Entitlement to VA benefits, including dependency and indemnity compensation (DIC) and other death benefits, is generally conditioned on "veteran" status with respect to the individual on whose alleged service such benefits are claimed. See 38 U.S.C. §§ 101, 1310, 1311, 1312, 1318, 1541, 5121 (2012); 38 C.F.R. §§ 3.1, 3.3(b), 3.5, 3.1000 (2017). A person seeking VA benefits must first establish by a preponderance of the evidence that the service member upon whose service such benefits are predicated has attained the status of a "veteran." D'Amico v. West, 12 Vet. App. 264 (1999) rev'd on other grounds, 209 F.3d 1322 (2000); Holmes v. Brown, 10 Vet. App. 38, 40 (1997).

The term "veteran" is defined by law as a person who served in the active military, naval or air service, and was discharged or released therefrom under conditions other than dishonorable. 38 U.S.C. § 101(2); 38 C.F.R. § 3.1(d). Service in the active military, naval, or air service includes service in the United States Armed Forces or, for certain purposes, service in the organized military forces or organized guerilla forces of the Government of the Commonwealth of the Philippines in the service of the U.S. Armed Forces. 38 U.S.C. §§ 101(1), 101(21)(c), 101(24), 107; 38 C.F.R. § 3.40.

In cases for VA benefits where veteran status is at issue, the relevant question is whether qualifying service is shown. Soria, 118 F.3d at 749. Title 38 of the United States Code authorizes the Secretary of VA (Secretary) to prescribe the nature of proof necessary to establish entitlement to veterans' benefits. 38 U.S.C. § 501(a)(1). Under that authority, the Secretary has promulgated 38 C.F.R. §§ 3.203(a) and (c), to govern the conditions under which VA may extend veterans' benefits based on service in the Philippine Commonwealth Army. Those regulations require that service in the Philippine Commonwealth Army (and thus veterans' status) be proven with either official documentation issued by a United States service department or verification of the claimed service by such a department. See 38 C.F.R. § 3.203(a), (c).

VA is prohibited from finding, on any basis other than a service department document, which VA believes to be authentic and accurate, or service department verification, that a particular individual served in the United States Armed Forces. Duro v. Derwinski, 2 Vet. App. 530, 532 (1992). In addition, service department findings are binding on the VA for purposes of establishing service in the United States Armed Forces. Id. 

In this case, the appellant submitted the deceased's Affidavit for Philippine Army Personnel dated in June 1946, Certificate of Honorable Discharge from the Philippine Commonwealth Army dated in January 1946, and Certifications from the Office of the Adjutant General, Armed Forces of the Philippines dated in August 1992, September 1993, and April 1997. The RO submitted the decedent's information to the NPRC for service verification. In September 2010, the U.S. Department of the Army certified that the decedent had no service as a member of the Philippine Commonwealth Army or recognized guerrillas in the service of the United States Armed Forces. 

Based on the foregoing, the Board concludes that the appellant is not eligible for VA death benefits as a matter of law because the evidence fails to establish that the decedent had qualifying military service. The documents submitted by the appellant do not satisfy the requirements of 38 C.F.R. § 3.203 as acceptable proof of service, as it is not an official document of the appropriate service department. As such, the documents may not be accepted by the Board as verification of service for the purposes of determining eligibility for VA benefits. Further, the NPRC was unable to certify the decedent's claimed service after a search based on the information provided.

Accordingly, because the NPRC failed to certify that the decedent had the requisite service as a member of the Philippine Commonwealth Army, including the recognized guerrillas, in the service of the United States Armed Forces, the decedent has not achieved veteran status for purposes of establishing the appellant's eligibility for VA death benefits as the decedent's surviving spouse.

Based on the forgoing, the Board finds there is no legal basis for the appellant's claim for VA death benefits. As this claim must be denied as a matter of law, the benefit of the doubt doctrine is not for application. See Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).


ORDER

Entitlement to VA death benefits is denied.



____________________________________________
THOMAS D. JONES
Acting Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs